Juliand agt. Grant.

dent. To make the circumstance of its inefficacy a reason for giving it the effect desired, would manifestly uproot the maxim, and establish the contrary rule.

The fact that here the transfer was by manual delivery merely, nothing being said as to the bond or the indebtedness secured by it, does not afford any stronger evidence of the intent to transfer the bond, than the case supposed; there is no circumstance in the case not considered in the supposed case; and, as I think, nothing to compel the inference of the intent to transfer the bond. I am unable to see, therefore, any escape from the conclusion that upon this appeal, the judgment of the supreme court must be held correct, and affirmed.

Concurring—PORTER, BOCKES, DAVIES and SCRUGHAM.

HUNT and GROVER, for reversal.

Affirmed.

———◆◆◆———

## SUPREME COURT.

### FREDERICK JULIAND agt. JUDSON L. GRANT.

Where judgment has been entered in favor of the plaintiff on a *report of a referee*, and the defendant thereupon immediately appeals therefrom to the general term, and serves the necessary papers upon such appeal; and after service of the notice of the appeal, the defendant moves at special term, and procures an order referring the case back to the referee, to *amend his report* in a particular manner specified in the order, or otherwise, as he might think correct, and staying all proceedings in the action on the part of the plaintiff until the referee should amend his report, and giving the defendant thirty days after service of a copy of the amended report to make a case and exceptions, and staying all proceedings on the judgment until the decision of the general term on the appeal; and before the service of the order to amend upon the referee, he died:

*Held*, that the death of the referee was a misfortune the defendant must bear; and it followed that he must suffer all the consequences resulting from it. That the plaintiff was entitled to an order vacating the defendant's order to amend, &c., but the defendant was entitled to go on with his appeal from the judgment, and to have time to make a case and exceptions, with a stay.

*Chenango Special Term, September*, 1867.

MOTION by plaintiff to set aside or vacate an order made

at a special term of this court in March, 1867, referring the case back to the referee, before whom the action was tried, to amend his report in a particular manner specified in the order or otherwise, as he might think correct, and staying all proceedings in the action on the part of the plaintiff until the referee should amend his report, and giving the defendant thirty days after service of a copy of the amended report, to make a case and exceptions, and staying all proceedings on the judgment entered in favor of the plaintiff on the report, until the decision at general term on appeal by defendant from the judgment.

The plaintiff in his notice of motion, asks for such other relief in the case as shall be just.

The action was brought upon a promissory note. The referee reported in favor of the plaintiff, that he was entitled to recover the principal and interest appearing to be due upon the note, viz: $312.96, besides costs. The report was dated the 8th day of February, 1867. Soon thereafter, upon due notice to the defendant's attorney, judgment was entered upon the report of the referee, in the office of the clerk of Chenango county, in favor of the plaintiff, for said $312.96 damages, with costs. The defendant immediately appealed from the judgment to the general term of this court, by giving the proper notices, &c.

It was after notice of the appeal had been served, that the order was made which the plaintiff moves to set aside or vacate, &c.

The referee died on or about the 5th day of April, 1867, and before the service upon him of the order requiring him to amend his report in the case. No steps have been taken in the action by either party since the death of the referee until the making of this motion by the plaintiff.

R. McDONALD, *for plaintiff.*

H. R. MYGATT, *for defendant.*

BALCOM, J.   The judgment in favor of the plaintiff was regularly entered on a report of the referee, which upon its face, is sufficient to uphold the judgment.   The defendant appealed from the judgment to the general term of this court; and in preparing his case for the appeal, he deemed it expedient or necessary that the referee should amend his report, and find other facts not contained in it.   He obtained an order that the referee amend his report in a particular manner specified, or otherwise, as he might think correct.   Before this order was served upon the referee he died.   The plaintiff now seeks relief from the order referring the case back to the referee, and staying his proceedings upon the judgment, &c.

The defendant's counsel insists that the case is in a similar situation that it would have been if the referee had died without making any report in it; and that it must be retried before another referee or a jury, as matter of course; and that the order referring the case back to the referee, to amend his report, having been regularly made at a special term of this court, it cannot be vacated or set aside at another special term of the same court.

These questions are new.   No precedent has been cited to guide me in determining them.

The referee having completed his work so as to entitle the plaintiff to a judgment upon his report, his death was a misfortune to be borne by the defendant.   And I am of the opinion the case is not to be retried as matter of course, in conquence of the order referring it back to the referee to amend his report.

I think the plaintiff should be permitted to collect his judgment, unless it be reversed on the defendant's appeal, or be set aside on his motion.

The obtaining of the order referring the case back to the referee to amend his report, was a proceeding for the sole benefit of the defendant, which did not affect the force or regularity of the judgment; and it only gave the defendant an opportu-

Juliand agt. Grant.

nity to procure an amended report more favorable to his views, unless the referee thought otherwise.

The plaintiff does not seek to review the decision of the special term granting the order referring the case back to the referee to amend his report. He only asks to be relieved from the effect of that order, because the referee's death has rendered it impossible for the defendant to procure an amended report in the case. He could not obtain any such relief by appealing from the order. He must procure relief at a special term of the court, if the referee's death entitles him to it, for he cannot obtain it elsewhere.

The death of the referee being a misfortune the defendant must bear, it follows that he must suffer all the consequences resulting from it.

If these views are correct, the order referring the case back to the referee to amend his report, should be vacated. But the defendant is entitled to go on with his appeal from the judgment, and he should have time to make a case and exceptions, which may be settled by one of the justices of this court, on hearing the attorneys or counsel who tried the cause.

The order, so far as it stays the plaintiff's proceedings upon the judgment, should also be vacated. The Code provides that proceedings on judgments appealed from may be stayed by giving an undertaking, which I presume has been given in the case. But if none has been given that stays the plaintiff's proceedings on the judgment, and the defendant desires such a stay, or leave to give any undertaking, he may make a motion for that purpose.

I think no costs of this motion should be allowed either party.