## Case No. 7,902.

### KNOWLTON v. CONGRESS & EMPIRE SPRING CO.

[13 Blatchf. 170.] [1]

Circuit Court, E. D. New York. Oct. 29, 1875.

REMOVAL OF CAUSES—MOTION TO REMAND—PETITION TO REMOVE—WHEN TO BE FILED—THE PROPER DISTRICT.

1. This action was brought in the supreme court of the state for Kings county, in 1869, and thereafter referred to a referee, before whom the plaintiff recovered a judgment, which was set aside by the court of appeals, in September, 1874. The remittitur from that court was filed November 16th, 1874. Before that the referee had died. There were terms of the circuit in Kings county in October and November, 1874, and January, March, and April, 1875. The cause was removed into this court on the petition of the plaintiff, filed in the state court, April 24th, 1875, under the act of March 3, 1875 (18 Stat. 470): Held, that this court was the circuit court for "the proper district," within the meaning of section 2 of the act of 1875, being the circuit court for the district within the territorial limits of which the suit was pending in the state court.

2. The petition for removal was not filed in the state court in time, under section 3 of said act, not having been filed before or at the term of the state court at which the cause could have been first tried.

[Cited in Forrest v. Edwin Forrest Home, 1 Fed. 462; Cramer v. Mack, 12 Fed. 804; Langdon v. Fogg, 18 Fed. 6; Winberg v. Berkeley Co. Ry. & Lumber Co., 29 Fed. 721.]

[Cited in Eldred v. Becker, 60 Wis. 45, 18 N. W. 643; Wheeler v. Liverpool, L. & G. Ins. Co., 60 N. H. 457.]

3. After the reversal of the judgment, the cause could have been again brought to trial in the state court before the filing of the petition for removal.

[This was an action at law by Dexter A. Knowlton against the Congress & Empire Spring Company. The cause is now heard upon a motion to remand.]

Starr & Ruggles, for plaintiff.

Charles S. Lester, for defendant.

BENEDICT, District Judge. This action was originally commenced in the supreme court of this state for the county of Kings, and, upon the petition of the plaintiff, has been removed to this court by virtue of the act of March 3, 1875 (18 Stat. 470). A motion is now made in behalf of the defendants to strike the cause from the calendar and remand it to the state court.

One ground of this motion is, that this is not the circuit court for "the proper district," within the meaning of the 2d section of the act of 1875. This ground is untenable. The 3d section discloses that what is meant by the proper district, is the district within the territorial limits of which the suit is pending in the state court.

Another ground of the motion is, that the petition for removal was not filed in the state court before or at the term of the state court at which the cause could have been first tried, as required by section 3 of the act. The facts upon which this objection rests are these: The action was originally commenced in 1869. It was thereafter referred to Mr. Strong, as referee, before whom the plaintiff recovered a judgment. This judgment was set aside by the court of appeals in September, 1874. The remittitur from said court was filed November 16th, 1874. Before this time the referee died. There were terms of the circuit in Kings county in October and November, 1874, and January, March, and April, 1875. The petition for removal was not filed until April 24th, 1875. Upon these facts I am of the opinion that the petition for removal was not in time. Without determining the question whether the phraseology of the act of 1875, differing as it does from the act of March 2, 1867 (14 Stat. 558), would permit a removal in any case after one trial had been had and a judgment entered which was thereafter set aside, it is sufficient for the case if it be found that, after the reversal of the judgment, the cause could have been again brought to trial in the state court before the filing of the petition. It is said that this cause could not be so tried, for the reason that a trial of the cause by a referee had been directed, and, the referee having died, and no other referee having been designated prior to the filing of the petition for removal, a trial was impossible. But, I think it must be determined otherwise, because, if it be supposed that the death of the referee did not, in law, revoke the order by which the cause was directed to be tried by Mr. Strong, then, after the death of Mr. Strong it was a matter of course, upon the application of either party, to designate a new referee (Juliand v. Grant, 34 How. Prac. 132); and it lay within the power of either party to enter an order and bring the cause to trial during several terms of the circuit prior to the removal. A cause tried before a referee may, for the purpose of the act of 1875, be said to be triable at any term of the court holden after the reference is ordered. But, if this be otherwise, and the act of 1875 is to be confined to cases which are in a position to be tried in court, before the jury or the court, at an appointed term of court, the result is equally fatal here, as, in that case, the pendency of the order of reference placed this case beyond the scope of the act of 1875. If, on the other hand, it be supposed that the death of the referee worked a revocation of the order of reference, then, of course, the cause was triable at the first term after such death, and before the petition of removal was filed. In either case, the cause was in a position where it lay within the power of either party to bring it to a trial at the January term, and that term must be considered to be the term at which the cause could be first tried, if any term subsequent to the

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

first trial could be such a term. The motion to remand the cause to the state court must, therefore, be granted.

[NOTE. There was a verdict in the state court in favor of the plaintiff in this case. This was reversed by the court of appeals and a new trial ordered. 57 N. Y. 518. Upon the new trial a motion was made to remove the case to the circuit court. This was done. and the case was heard in the circuit court for the Northern district of New York. A jury was waived, and the court gave judgment for the plaintiff. for $13.980. Case No. 7.903. The defendant then brought error. and the supreme court affirmed the judgment of the circuit court (Mr. Justice Woods delivering the opinion). Mr. Justice Harlan dissenting. 103 U. S. 49.]