Edmond McMahon *et al.* Defendants in Error, *vs.* Frank
  M. Rowley *et al.*—(Lucy M. Glos *et al.* Plaintiffs in
  Error.)

*Opinion filed December 15, 1908—Rehearing denied Feb. 3, 1909.*

1. Registration of Titles—*the applicant need not affirmatively
show invalidity of tax deeds.* If the applicant for registration of
title produces evidence establishing title in him he is not required
to show affirmatively the invalidity of the defendants' tax deeds,
and it is incumbent upon the defendants to produce proof to estab-
lish the validity of their deeds.

2. Same—*examiner not required to report the evidence unless
requested.* The examiner of titles is not required to report to the
court more than the substance of the proof submitted to him ex-
cept upon request of a party to the proceeding, and a party who
does not ask the court for a rule upon the examiner to return cer-
tain evidence and file the same cannot complain in a court of re-
view that such evidence was not returned.

3. Same—*when an examiner is presumed to have considered
only competent evidence.* It will be presumed by a court of review
that an examiner of titles considered only competent evidence in
making his findings if the report contains sufficient competent tes-
timony to support such findings.

4. Same—*when it is proper to re-refer case to the examiner.*
When the examiner of titles has refused to consider evidence which
the court is of the opinion should be received it is proper practice
to re-refer the cause to the examiner to hear such evidence, and
if the examiner dies before hearing the evidence a new examiner
may hear and report the same, and the court may base its findings
upon the two reports.

5. Same—*when examiner's report may be approved after his
death.* In a proceeding to register title the court is authorized,
after the death of the examiner of titles, to approve such portion
of the examiner's report as was before the court prior to his death,
if the conclusions therein are supported by the evidence returned
with the report.

6. Trial—*what does not show that a witness took affirmation
with reservation.* The fact that a witness, before taking the af-
firmation required by the statute, stated that he had no special ob-
jection to that form, does not show that the affirmation was taken
with such a reservation as entitled counsel to examine the witness
as to what he meant.

7. Appeals and errors—*when constitutional questions are not involved.* The constitutionality of section 18 of the Registration act, as passed in 1907, relating to the admission of abstracts of title in evidence, is not involved in a proceeding where the evidence was taken before such section was in force; nor can a defendant question the validity of section 10, concerning registration of title by holders of tax deeds, where he made no effort to register his title in the court below and did not call upon the court at any time to rule upon the question.

Writ of Error to the Circuit Court of Cook county; the Hon. Julian W. Mack, Judge, presiding.

Edmond McMahon filed September 5, 1903, an application in the circuit court of Cook county to register title to thirty-eight lots described therein, alleging that he was the owner and that there were no encumbrances upon said land except certain alleged tax deeds under which Jacob Glos, Emma J. Glos, Henry L. Glos and Walter Langlois claimed certain ownership or interest in said premises. Answers were filed by said persons claiming under tax deeds, and the matter was thereupon referred to Theodore Sheldon, one of the examiners of title under the Registration law. Said examiner, after taking evidence, filed his report in the circuit court April 13, 1905, and the court, on the hearing of exceptions thereto filed by Jacob Glos and others, sustained an exception to the exclusion of evidence offered as to the witness McMahon, but as to the rest of the exceptions the ruling of the court was reserved, and the cause was thereupon re-referred to Theodore Sheldon to take further evidence in conformity with the ruling. Oscar Leinen, Christine Nelson and Richard McMahon then became parties defendant and filed their answers to the application, Leinen and Nelson also securing leave to file cross-applications to register titles in their names on the condition that all the testimony theretofore taken be considered as binding against them. Issues were formed on these cross-applications, answers being filed by the persons claiming under tax deeds. The death of the examiner, Theodore Sheldon, was

suggested, and the taking of evidence under said former order of re-reference was referred to Charles G. Little as examiner. When the matter came up before Little for hearing, objection was made by counsel for plaintiff in error Jacob Glos to the use by examiner Little of the evidence formerly taken by examiner Sheldon, and counsel for defendants in error stated that he did not ask the examiner to consider any evidence taken before examiner Sheldon under the former order of reference. When examiner Little made his report he did not attempt to discuss the evidence taken before examiner Sheldon, but only that taken before himself. Plaintiffs in error objected to his report on the ground that he had adopted certain conclusions in the unconfirmed report of examiner Sheldon. These objections were overruled and stood as exceptions before the circuit court. The matter was re-referred to Little on certain other points, and when his report was made and exceptions filed thereto the cause came on to be heard before the circuit court on said exceptions, and the court entered a decree stating, among other things, that this cause coming on to be heard on the pleadings and "upon the report of Theodore Sheldon, examiner of titles, and the several reports of Charles G. Little, examiner of titles, heretofore filed herein, the exceptions of said defendants to said examiners' several reports, * * * the court decrees that said examiners' reports, and each of them, and the matters and things therein contained, be and they hereby are approved and confirmed and the findings of said several examiners' reports, and each of them, are hereby adopted and made the findings of this court." The decree further finds that the title in fee to certain of said lots in question was in Edmond McMahon, to certain other lots in Oscar Leinen and to certain other lots in Christine Nelson, and that the said tax deeds were null and void so far as they affected the title of said McMahon, Leinen and Nelson herein involved, but that certain moneys had been paid out by said

claimants under the tax deeds; finding the amounts so paid out by each of them, and ordering that said defendants in error herein deposit said moneys with the clerk of the court, to be distributed among said plaintiffs in error as therein set out. No question is made as to the correctness of the decree with reference to the amounts of money paid for taxes and so ordered to be refunded. Pending proceedings the death of Henry L. Glos was suggested, and his wife, Lucy M. Glos, and Jacob Glos and Adam Glos as executors, have prosecuted the present writ of error from the decree of the circuit court.

JOHN R. O'CONNOR, for plaintiffs in error.

OSCAR E. LEINEN, (ROBERT F. KOLB, and J. KENT GREENE, of counsel,) for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiffs in error insist that in proceedings to register title to land the burden of proving the invalidity of tax deeds alleged to be clouds on the title rests upon the applicant. This court has held otherwise. When the applicant in a proceeding under this statute for the registration of his title produces evidence establishing title in him, then those who have been brought in as holders of claims to title are required to produce proof to establish the validity of their claims. It is not incumbent upon the applicant for registration of title to affirmatively establish the invalidity of tax deeds held by parties defendant to the proceeding. (*Glos* v. *Kingman & Co.* 207 Ill. 26; *Glos* v. *Hoban,* 212 id. 222; *Glos* v. *Talcott,* 213 id. 81; *Glos* v. *Holberg,* 220 id. 167.) Under these decisions this question can no longer be considered an open one in this jurisdiction. The same rule was upheld by this court under the Burnt Records act. *Gage* v. *Caraher,* 125 Ill. 447.

It is not contended that the evidence was not sufficient to show title in defendants in error as found by the decree

of the circuit court, but it is insisted that the court erred in admitting certain abstracts of title in evidence. It appears that, as a foundation for the introduction of these abstracts, evidence was offered showing that the original documents had been lost or destroyed, and hence the decisions of *Glos* v. *Hallowell,* 190 Ill. 65, and *Glos* v. *Holberg,* *supra,* do not uphold the contentions of plaintiffs in error in this regard. They argue, however, in this connection, that that part of section 18 of the Registration act which provides that "the examiner may receive in evidence any abstract of title or certified copy thereof, made in the ordinary course of business by makers of abstracts; but the same shall not be held as more than *prima facie* evidence of title, and any part or parts thereof may be controverted by other competent proofs," is unconstitutional. This section as it now reads was passed May 24, 1907. This section, with the identical wording, was enacted in 1903, with a provision that it should only go into force after it was submitted to and ratified by a vote of the people. It was submitted to a vote of the people in Cook county, but this court held in *Harvey* v. *County of Cook,* 221 Ill. 76, and *Messenger* v. *Messenger,* 223 id. 282, that it was not legally adopted. As we understand this record, the evidence before the examiner seems to have been taken in 1905 and 1906. Section 18, as then in force, did not contain the above quoted provision. No claim is made that there is not evidence in the record outside of the abstracts of title sufficient to show good title in defendants in error as found by the decree of the circuit court, and, as before stated, the abstracts were not admitted until the foundation was laid, as required under the law before this amendment to section 18 was enacted. This constitutional question can not be raised on this record.

Plaintiffs in error also contend that section 10 of the Registration act, which denies the holder of a tax title the right to register title unless he has had actual possession

for ten years and shows payment of taxes for seven years, is unconstitutional. The general features of the Registration act were held constitutional by this court in *People* v. *Simon,* 176 Ill. 165. Plaintiffs in error are in no position to raise the constitutionality of this section. No effort was made by any of them to register their title in the court below nor was the court called upon at any time to pass upon that question, and it is not in this record.

The further contention is made that the witness Fernando Jones was not properly sworn before giving his testimony. He objected to taking the oath as ordinarily given, and when the affirmation, as is required by statute, was read to him he stated that he had no special objection to that form, and thereupon he took it. Counsel insists that this statement that the witness had no special objection to that form shows that he did not take the affirmation without reservation, and insists he should have been allowed to examine the witness as to what he meant. Having taken the affirmation as required by statute this objection is without force.

The further objection is made that one of the examiners based his report on certain evidence that was not returned with his report. Some evidence in the shape of records from the recorder's office was introduced before examiner Sheldon, but these records were not certified and were not returned by him into court. It appears that it was considered by the defendants in error that these documents were unnecessary to establish title, and for that reason this evidence was abandoned. The examiner reported from the evidence, documentary and oral, taken before him, "the transcript of which is herewith returned," etc. Furthermore, the Registration act does not require the examiner to report more than the substance of the proof submitted to him except upon the request of some party to the proceeding, (*Glos* v. *Holberg, supra,*) but only the substance of the proof and his conclusions therefrom. We think suf-

ficient was returned by the examiners to uphold the decree of the court. Moreover, plaintiffs in error are in no position to complain. It was their duty, under the statute, if the evidence was not returned, to ask the trial judge for a rule on the examiner to report the evidence and file the same. The statute requires this, and this court has said that was the proper procedure in similar matters with reference to masters in chancery. (*Gleason & Bailey Manf. Co.* v. *Hoffman,* 168 Ill. 25.) It will be presumed that the examiner considered only competent evidence in making his findings, if the report contains sufficient competent testimony to support such findings. *Champion* v. *McCarthy,* 228 Ill. 87; *Kreiling* v. *Nortrup,* 215 id. 195.

The further contention is made that the trial court erred in affirming the report of examiner Little because it was not based upon evidence taken before him, but was based upon conclusions and findings of facts in an unconfirmed report of the former examiner, Sheldon. From the recitations of the decree as given heretofore in the statement of facts, we think it is clear that the chancellor based his findings on the reports of both examiner Sheldon and examiner Little. It appears that Edmond McMahon, the original applicant for registration, had given a declaration in writing, alleging that the conveyance to him of certain of the properties here in question by Leinen and Nelson, the other defendants in error, had been made to secure the payment of the loan of $2500 made to said Leinen and Nelson, and that he would re-convey said premises upon the payment of said money. When McMahon was questioned about this declaration in writing before examiner Sheldon, the examiner, on objection by counsel for McMahon, refused to allow him to explain as to this writing. On this point the chancellor ordered the matter re-referred, to take evidence. Leinen and Nelson were then made parties to the proceedings and the character of the declaration of trust was proven. It is manifest from the entire record that examiner Little only

reported evidence as to the character of this declaration in writing and his findings therefrom, and that the chancellor based his conclusions as to the title previous to this declaration in writing upon the report of examiner Sheldon. We think the practice of the chancellor in this regard was proper and comes within the ruling of this court in *Coel* v. *Glos,* 232 Ill. 142. Examiner Sheldon's report as to all other matters except this declaration in writing was before the court prior to his death but was not then approved, and the court, without question, was authorized to approve the report after the examiner's death if the conclusions therein were supported, as we think they were, by the evidence returned with the transcript of said report. *Juliand* v. *Grant,* 34 How. Pr. 132.

We find no error in the record. The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*