(No. 14713.—Decree affirmed.)

NELLIE M. WALSH, Defendant in Error, *vs.* ALBERT C.
TIMM *et al.*—(EMMA J. GLOS *et al.* Plaintiffs in Error.)

*Opinion filed June 20, 1923.*

1. PRACTICE—*chancellor may sign certificate of evidence after close of term—notice.* Where the record shows that the transcript of evidence was presented to the chancellor at the time the decree was presented and filed, it is not error for the chancellor to sign the transcript after the close of the term as of the date of its presentation, and parties who had notice of its presentation cannot complain that they had no notice of the signing of the transcript.

2. TAX DEEDS—*what is sufficient evidence of title as against tax deed in a proceeding to register title.* In a proceeding to register title, the property owner or claimant makes sufficient proof of title, as against a tax deed, by introducing in evidence before the examiner a complete abstract of merchantable title from the government and by proving possession through a tenant, and defendants cannot object to the examiner's report of such evidence where they have not requested a return of all the evidence before the examiner.

3. REGISTRATION OF TITLE—*applicant to register title need not prove invalidity of tax deeds.* Where an applicant to register title has proved title in herself by deed and possession through a tenant, it is not incumbent upon her, in order to have her title registered, to establish the invalidity of tax deeds held by parties defendant to her proceeding.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. GEORGE FRED RUSH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for plaintiffs in error.

ADOLPH H. EASTER, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Nellie M. Walsh, defendant in error, made application to the circuit court of Cook county to register title to the land in question in this suit. Her application as amended claimed ownership in fee not subject to homestead and described the real estate involved. Her application also set

out that the land is improved and is occupied by Albert C. Timm, whose interest or claim is that of a tenant of defendant in error from year to year. In this application she also stated the interest or claim of various persons and corporations, including that of plaintiffs in error, Emma J. Glos and Walter A. Glos, derived through tax deeds issued to Jacob Glos, who quit-claimed to plaintiffs in error. Plaintiffs in error filed answers denying the interest of defendant in error. Some of the parties defendant were defaulted, and evidently the answers of plaintiffs in error to the original application stood as answers to the amended application. The application was referred to an examiner of titles, who heard evidence and made a finding to the effect that the applicant was the owner in fee of the lots in question, that the land was improved and occupied by Albert C. Timm as alleged in the amended application, and that all material allegations in the amended application were true. The report also found certain claims due against said property, including taxes paid by Jacob Glos, and that he or his assignees are entitled to recover $1020.17 and interest on such tax deeds, and recommended that upon payment of that amount the tax deeds in question be removed as clouds on the applicant's title. Exceptions to the report were overruled by the chancellor, who, upon payment into court by defendant in error of the required amount, entered a decree in accordance with the recommendations of the report.

Defendant in error on leave filed in this court an additional transcript of record containing certain parts of the certificate of evidence not contained in the original transcript filed by plaintiffs in error. After submission of the cause plaintiffs in error filed their motion in this court to strike the additional transcript on the ground that it was not signed at the term of court at which the decree was entered, and that while it was filed in time there was no showing of sufficient memorandum of the chancellor or in-

dependent recollection on his part to authorize his signing the certificate of evidence after the close of the term, as was done. Plaintiffs in error by the same motion asked leave to file a supplemental transcript showing a hearing before the chancellor on a like motion to strike the additional transcript for the reasons herein set out. These motions were taken with the case. The record sufficiently shows that the transcript of evidence was presented to the chancellor at the time the decree was presented and filed but was not signed by him at that time through inadvertence and oversight. It was not error on the part of the chancellor, therefore, to sign the same after the close of the term as of the date of its presentation and filing. Plaintiffs in error complain that they did not have notice of the actual signing of the certificate of evidence. This was not necessary. They did have notice of its presentation at the time the decree was signed. Their motion to strike the original transcript will therefore be denied. There appears to be no valid objection to their motion to file the supplemental transcript offered by them showing the proceedings wherein they sought to have the transcript stricken, and the same is therefore ordered filed.

It is contended by plaintiffs in error that the evidence taken before the examiner was insufficient to establish the title in the applicant, and that there is no sufficient or competent evidence identifying or locating the property or showing its condition on the date of the filing of the application to register title, and for that reason the applicant was not entitled to a decree setting aside the tax deeds. On the hearing the applicant introduced a deed to her of the premises in question regular on its face and proved possession through Timm as her tenant. The report of the examiner also shows a complete abstract showing merchantable title to the land in question from the government to defendant in error, and the introduction of such proof of

·title before him and the evidence before the chancellor shows that the premises in question are in the possession of defendant in error through her tenant, Timm.

It is urged that the evidence returned by the examiner does not establish these facts. The examiner received this evidence and his report shows the substance of it. Plaintiffs in error made no request for the return of all the evidence offered before him. It was their duty, if dissatisfied with the report of the examiner, to ask that he be ruled ·to file all the evidence. Not having done so, they cannot now complain. Hurd's Stat. chap. 30, sec. 61, p. 764; *McMahon* v. *Rowley,* 238 Ill. 31.

It is claimed by plaintiffs in error that the land in possession of Timm was not shown to be the land in question because of the manner and method used in measuring the land and establishing the landmarks thereon. The evidence showed that Timm executed and delivered to defendant in error his written assent to the registration of title to the land in question in defendant in error's name. The testimony of defendant in error's witnesses positively identified the land in question to be that in the possession of Timm.

The title of defendant in error was sufficiently established to entitle her to have the same recorded, as was ordered by the decree. It was not incumbent upon her to establish the invalidity of the tax deeds held by the parties defendant to her proceeding to have her title registered. (*McMahon* v. *Rowley, supra.*) Having proved title in herself and possession through Timm as her tenant, as averred in her amended application, she was entitled to have her title to the land in question registered as found in the decree.

The decree will be affirmed.  *Decree affirmed.*