GEORGE C. CREGAR, Defendant in Error, *vs.* SHERMAN C. SPITZER *et al.*—(JACOB GLOS *et al.* Plaintiffs in Error.)

*Opinion filed February 16, 1910—Rehearing denied April 6, 1910.*

1. REGISTRATION OF TITLE—*examiner should require applicant to give his street address if requested.* Where the original and amended applications to register title, together with the report of the first examiner, are missing from the files, the second examiner should require the applicant to furnish his street address if requested by the defendant;_but it will not be presumed, in a court of review, that such address was not given in the original and amended application if there is nothing in the record to show that fact and the examiner reports that the application was in the form required by statute.

2. SAME—*when party cannot complain that original documents were not returned.* A defendant to an application to register title is not in a position to complain that the examiner returned copies of certain. documents in his report instead of the original instruments offered in evidence, where such defendant did not make a motion or request to the court for a rule on the examiner to report the evidence and file the same, but merely requested the examiner to return the evidence.

3. SAME—*decree should provide for reimbursement to holders of tax deeds before title is registered.* A decree in a proceeding to register title should not only require reimbursement to holders of tax deeds as a condition precedent to setting the deeds aside, but should also require such reimbursement as a condition precedent to registering title; and it is error to direct immediate registration of title and provide that if the holders of the tax deeds are not reimbursed within a certain period the decree as to so much of the land as is covered by the tax deeds shall be vacated.

4. APPEALS AND ERRORS—*a party cannot insist upon error not shown by transcript.* A party cannot insist upon an alleged error which is not shown by the transcript of record.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding.

JOHN R. O'CONNOR, for plaintiffs in error.

ROBERT ZALESKI, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an application filed in the circuit court of Cook county in 1904 by defendant in error, George Cregar, to register the title to some seventy-five lots in Minnick's Oak Lawn addition, in said county. Jacob Glos, Henry L. Glos and others appeared and answered, and the cause was referred to the examiner of titles to take and report the evidence. The examiner, after making his report, and apparently before it was approved, died and another examiner was appointed, to whom the case was again referred to take evidence. Before the taking of such evidence Henry L. Glos died, and Lucy M. Glos, his widow and sole devisee, was substituted as defendant. The second examiner made a report in 1906, finding that the material allegations of the petition were proved as alleged, and recommending that a decree be entered setting aside several tax deeds held by Jacob Glos and Lucy M. Glos and that the title be registered in defendant in error, subject to a certain trust deed, and that the defendant in error re-pay to the holders of the tax titles the several amounts found due. Later he filed a supplemental report, which will be hereafter referred to. Exceptions to these reports were overruled and a decree was entered by the circuit court. To review that decree this writ of error was sued out by Jacob Glos and Lucy M. Glos, as plaintiffs in error.

It is first urged that the original application did not give the street address of the applicant. It is admitted that the record is incomplete; that several of the files are missing, among others the original application, a copy of said application, an amendment to the application and the report of the first examiner. It is, however, insisted by counsel for plaintiffs in error that from the parts of the record contained in the transcript it must be presumed by this court, under the rule laid down in *Brown* v. *Schintz*, 202 Ill. 509, that the application did not show the residence of the applicant.

On the hearing before the second examiner it appears that counsel for plaintiffs in error requested counsel for defendant in error to furnish him at once the address of the applicant. This request was refused. Counsel for defendant in error, however, agreed to furnish the address to the examiner, saying he did not remember it at that time but could find it at his office and would send it to the examiner. This was in accordance with the rulings of the examiner. In the supplemental report, to which we have heretofore referred, the examiner found, among other things, "that the applicant in his application followed the form prescribed by the statute," etc. On the same day, and before the final decree was entered in the circuit court, defendant in error, through his counsel, moved the court for leave to amend the application "by showing the street number of the residence of the said applicant as No. 6428 Wood street, Chicago, Illinois." This motion was objected to by plaintiffs in error, and the court refused to sustain it on the ground that there was no evidence in the record to support the amendment. In the discussion which took place before the examiner as to counsel furnishing the residence address, no direct claim was made, so far as shown in the abstract, that the applicant's street address as it was when he filed the application, was not set forth in said application. Counsel for defendant in error insist that if the court is to assume anything from this record on this question it might well assume that the address of the applicant at the time he filed the application was stated therein, and that the motion was made before the court to amend by inserting the number on Wood street because defendant in error had changed his street address since filing the application and wanted the record to show the place where he then resided.

Sections 11 and 13 of the act for the registration of title, (Hurd's Stat. 1908, pp. 498, 499,) require the applicant, if he lives in a town or city where residences are lo-

cated by street numbers, to give such street number in the application. If there be any defects, however, in the application it can be afterwards amended in accordance with the provisions of section 14 of said act. (Hurd's Stat. 1908, p. 500.) We think it is apparent from the record before us that the examiner understood such to be the requirements of the statute as to the application. In the supplemental report, as we have seen, he found that the application was in the form "prescribed by the statute." This finding was made long after the discussion before him as to furnishing the address to counsel for plaintiffs in error. The examiner, on the hearing before him, at the request of plaintiffs in error, should have required counsel for the defendant in error to furnish opposing counsel the street address of the applicant. It is apparent, however, that counsel was not especially desirous of having the address, because when it was offered to amend the proceedings by stating the then residence of the applicant he objected to the amendment being made. If he wished to take the testimony of the applicant, as he argued, he could have urged this question when before the court and the cause could have been re-referred to the examiner to take further testimony. The original and amended applications not being in the record, we do not think this court can presume, from the facts stated, that neither the original nor amended application set out the residence of the applicant. What they contained is a mere matter of conjecture. Plaintiffs in error cannot insist upon error which the transcript fails to show. *Brown* v. *Schintz, supra; Kennard* v. *Curran,* 239 Ill. 122.

It is also insisted that the report of the examiner is insufficient as a basis for a decree herein because he returned copies of documents in his report instead of the original instruments offered in evidence before him. Section 18 of the said Registration act (Hurd's Stat. 1908, p. 500,) requires that the examiner shall report only the

substance of the proofs submitted to him, except upon the request of some party to the proceeding or by the direction of the court. Counsel for plaintiffs in error insists that he made such a request. The abstract shows the question was raised before the examiner as to whether the testimony should be returned into court, and counsel for the plaintiffs in error stated, "I make the request that the evidence be returned." In *McMahon* v. *Rowley,* 238 Ill. 31, in discussing this question, we said (p. 37) : "Plaintiffs in error are in no position to complain. It was their duty, under the statute, if the evidence was not returned, to ask the trial judge for a rule on the examiner to report the evidence and file the same. The statute requires this, and this court has said that was the proper procedure in similar matters with reference to masters in chancery." No such motion or request was made in the trial court, therefore here, as in the case just quoted from, the plaintiffs in error are in no position to complain.

It is further contended that the court committed error in providing by the decree that the registrar of titles should forthwith register the title of the real estate in the applicant, without requiring, as a condition precedent, that the plaintiffs in error be first reimbursed the amount expended for the tax deeds. In our opinion this contention is meritorious. The provisions of the decree complained of are as follows: "It is further found, adjudged and decreed by the court that the following tax deeds  *  *  *  are null and void in so far as they convey or affect the real estate hereinbefore described, and the same are hereby canceled and removed of record and set aside as clouds upon the title to said real estate,  *  *  *  upon the express condition, however, that said applicant  *  *  *  shall pay, or cause to be paid, within forty-two days from this date, as reimbursement to said tax title holders, or to the clerk of said circuit court of Cook county for their respective uses, the following sums of money.  *  *  *  And in case the

said several sums of money above mentioned are not paid * * * within said forty-two days from this date, then, as to so much of said real estate as is covered by said tax deeds, this decree shall stand vacated and said proceeding dismissed at said applicant's costs; * * * that the registrar of. titles * * * forthwith register the title of said real estate in said applicant, George Cregar, in fee simple absolute, in the manner provided in and by said act, subject only (1) * * * (2) to the payment to * * * Lucy M. Glos and Jacob Glos (or to the clerk of said circuit court for their respective uses) of the several sums above mentioned."

The decree orders the registrar of titles to *forthwith* register the title in applicant without any condition, and gives no lien upon the land to protect plaintiffs in error as to the payment of their money during the forty-two days granted defendant in error to pay the same. During these forty-two days the applicant might convey the property discharged from any lien or encumbrance by reason of the tax titles held by plaintiffs in error, and if the money was not paid, plaintiffs in error would be compelled to go into court in order to have the record registering the title vacated. This decree does not properly protect the interests of plaintiffs in error. It should not only have required the payment of the money to the plaintiffs in error, or, in the event of their refusal to accept it, to an officer of the court subject to their order, as a condition precedent to setting aside the tax deeds, but also as a condition precedent to registering the title. *Gage* v. *DuPuy*, 137 Ill. 652; *Lauer* v. *Weber*, 177 id. 115; *Gage* v. *Consumers' Electric Light Co.* 194 id. 30.

The decree below is reversed and the cause remanded to the circuit court of Cook county, with directions to that court to enter a decree in accordance with the foregoing views.      *Reversed and remanded, with directions.*