MATILDA WAUGH, Appellee, *vs.* JACOB GLOS *et al.*
Appellants.

*Opinion filed October 28, 1910.*

1. CONSTITUTIONAL LAW—*the legislature has power to prescribe rules of evidence.* The legislature has power to prescribe rules of evidence, and may declare that a fact shall be *prima facie* evidence of another fact which it has a tendency to prove.

2. SAME—*amendment of 1907 to the Torrens law is valid.* The amendment to section 18 of the Torrens law in 1907, authorizing the examiner to receive in evidence abstracts of title, or certified copies thereof, made in the ordinary course of business by makers of abstracts, is not unconstitutional, on the ground that such abstracts constitute evidence without the sanction of an oath.

3. SAME—*all laws are not required to be applicable to every case.* Section 29 of article 6 of the constitution, providing that all laws relating to courts shall be general and of uniform operation, does not require that all laws shall be applicable to every case, but that every law must apply uniformly to all cases governed by it.

4. SAME—*amendment of 1907 to Torrens law is not in violation of section 29 of article 6 of constitution.* The amendment of 1907 to section 18 of the Torrens law, which provides a rule of evidence applicable to a proceeding for registering title without extending it to other forms of action in which the title to real estate is involved, is not in violation of section 29 of article 6 of the constitution, as the Torrens system of registering title is a distinct proceeding, differing from ordinary actions at law or in chancery.

5. SAME—*fact that original act is adopted by vote of the people does not require vote on amendments.* Statutes in Illinois derive their force from the action of the legislature, and even though the legislature may require a favorable vote by the people before a particular act shall take effect, such act, when it takes effect, is the act of the legislature, and may be repealed or amended without requiring a vote of the people.

6. REGISTRATION OF TITLE—*what does not justify requiring defendant to pay fees.* It is the duty of an applicant for registration of title to establish a title good as against the world, and the mere fact that the holder of a tax deed appears and insists upon such proof by the applicant, though offering no evidence himself, furnishes no reason for charging him with any part of the cost of the proceeding.

7. SAME—*when refusal of tender does not justify charging defendant with costs.* Neither the necessity for a proceeding to register title nor the cost of such proceeding is affected by a tender to the holder of a tax title who offered no evidence in his own behalf but insisted upon the applicant making the proof required by law, and the refusal of such tender is not ground, in such case, for charging costs against the holder of the tax title.

8. SAME—*applicant is not bound to prove the invalidity of a tax deed.* While an applicant for initial registration of title must establish a title good as against the world he is not required to show the invalidity of a tax deed held by a defendant, but the burden is on the defendant to establish the validity of such tax deed.

9. EVIDENCE—*what is not sufficient proof to entitle abstract of title to admission.* Testimony by a witness employed as an abstract maker in the office of the recorder of Cook county that a certain abstract of title made by the recorder was made in due course of business is not sufficient to entitle the abstract to admission in evidence in a proceeding to register title, where it appears from the testimony of the witness that he had never had anything to do with the abstract and knew nothing in regard to any order for it, but testified merely from examining the abstract itself.

VICKERS, C. J., and HAND and CARTER, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county registering title to real estate. The appellants' case rests upon two abstracts of title which were admitted in evidence, over the appellants' objection, under the provisions of the amendment to section 18 of the Torrens act, adopted in 1907, (Hurd's Stat. 1909, p. 533,) which provides that the examiner may receive in evidence any abstract of title, or certified copy thereof, made in the ordinary course of business by makers of abstracts. The first abstract purported to have been made by Handy & Co., was dated December 30, 1889, and consisted of thirty-

seven printed pages, the only written words thereon being the signature at the end. This signature was identified, but there was no evidence as to when, where or under what circumstances the abstract was made. The only witness who testified about it said that he had no knowledge of when it was made and had never seen it until it was offered in evidence. Moreover, the abstract itself purports to consist of copies of a number of distinct examinations of title made at different times, some of them by persons, other than Handy & Co., not shown to be makers of abstracts, whose examinations are not shown to have been made in the ordinary course of business. The other abstract was made by the recorder of Cook county, and a witness who was employed as an abstract maker by the recorder testified that it was made in due course of business. It appeared, however, from his testimony that he had nothing to do with the making of the abstract, that he knew nothing in regard to any order given for it, and that he testified merely from an examination of the abstract itself. The evidence was not sufficient to admit either of the abstracts in evidence.

The appellants contend that the amendment of 1907, which authorized the examiner to receive abstracts of title in evidence, was not within the power of the legislature, because such abstracts constitute evidence given without the sanction of an oath. No constitutional restriction upon the power of the legislature in this respect is referred to. The legislature may prescribe rules of evidence and declare that a fact shall be *prima facie* evidence of another fact which it has a tendency to prove. (*People* v. *McBride,* 234 Ill. 146; *Toledo, Peoria and Warsaw Railway Co.* v. *Deacon,* 63 id. 91; *Rockford, Rock Island and St. Louis Railroad Co.* v. *Rogers,* 62 id. 346.) Private entries by third persons, made in the usual course of business, are in many cases competent evidence even without a statute. (1 Greenleaf on Evidence, secs. 115, 116, 120.) We held

this provision free from constitutional objection in *Brooke* v. *Glos,* 243 Ill. 392.

It is also insisted that the amendment violates section 29 of article 6 of the constitution, which provides that all laws relating to courts shall be general and of uniform operation. All laws are not required to be applicable to every case, but every law must apply uniformly to all cases in which it is applicable. A reasonable classification of cases to which a statute shall apply is permissible. The Torrens system of registration of land titles is different from the prevalent method of recording; the manner of bringing lands under such system must be provided by statute; the proceeding is of a different nature from the ordinary action at law or suit in chancery; and we cannot say that the legislature acted unreasonably in providing for a rule of evidence applicable to the proceeding without extending it to all other forms of action in which the title to real estate is involved.

The contention is made that the amendment of 1907 never became operative because not submitted to a vote of the people. The amendment did not provide for its submission to a vote, but the claim is made that since the original act was required to be adopted by a vote of the people before it became effective, an amendment could be made effective only in the same way. No authority cited supports the proposition. The legislature, having the power to enact the statute, was not required to submit it to a vote of the people before it should become effective. Statutes in this State derive their force from the act of the legislature,—the constitutional authority,—even though the legislature may require a favorable vote of the people before a particular statute shall take effect. When it does take effect it is still the act of the legislature, and is subject to repeal or amendment by that body in the same way as any other statute.

The decree directed the payment of a fee of $25 for making the examiner's report and disposing of the objections to the same, to be paid by the applicant and recovered of the appellant Jacob Glos, and this is objected to. The statute (Hurd's Stat. 1909, sec. 108, p. 547,) allows to the registrar a fee of $15 in full of all services up to the granting of the certificate of title, and provides that in proper cases the court may direct the payment of such further fees by the applicant or any defendant as it may determine. The fee of $15 is intended to cover the registrar's fees in ordinary cases but an extraordinary allowance may be made in proper cases, and in such cases the court may direct by whom such additional allowance shall be paid. The court found the costs allowed were in addition to the costs ordinarily incurred in such causes and were occasioned by the action of Jacob Glos in appearing before the examiner and defending, thus causing the taking of testimony and the making of a report on issues not ordinarily involved in proceedings of this character. In applications for the initial registration of title in fee simple it is not sufficient for the applicant to prove only such a title as would enable him to maintain a bill to remove a cloud. He must establish a title which is good against the world. (*Glos* v. *Kingman & Co.* 207 Ill. 26; *Glos* v. *Cessna,* id. 69; *Brooke* v. *Glos, supra.*) Jacob Glos introduced no evidence, and the mere fact that he appeared and insisted upon the applicant establishing her title by competent evidence furnishes no reason for charging him with any part of the cost of the proceedings. Upon an application to register title the burden of proving the validity of his title is upon the holder of a tax deed. Neither the necessity for such a proceeding nor the cost of it is affected by a tender to the holder of a tax title who introduced no evidence, and the refusal of such tender, if made, is therefore no ground for charging the costs against the holder of such title.

It is further argued that there is no proof of the invalidity of the appellants' tax deeds. In view of the fact that we have frequently decided that it is not incumbent upon the applicant to show the invalidity of a tax deed held by a defendant and that the burden of establishing its validity rests upon the holder, the point requires no further consideration. *McMahon v. Rowley,* 238 Ill. 31; *Glos v. Holberg,* 220 id. 167; *Glos v. Kingman & Co. supra.*

The decree is reversed and the cause remanded.

*Reversed and remanded.*

VICKERS, C. J., HAND and CARTER, JJ., dissenting.