DANIEL MIHALIK, Appellee, *vs.* JACOB GLOS *et al.*
Appellants.

*Opinion filed December 21, 1910.*

1. REGISTRATION OF TITLES—*allegation that premises are occupied by the applicant is material and must be proved.* An allegation in an application to register title that the premises are occupied by the applicant is a material one and must be proved, and it is error to decree registration if the proof fails to identify the premises occupied by the applicant as the premises described in the application.

2. SAME—*reimbursement to holder of tax deed is a condition precedent to registering title.* A decree in a proceeding to set aside a tax deed and register title should provide, not only as a condition precedent to setting aside the tax deed but also as to registering title, that the applicant be required to re-pay to the holder of the tax deed the amount found due him, or in the event of his refusal to accept the money, to pay it into court, subject to his order. (*Cregar* v. *Spitzer,* 244 Ill. 208, followed.)

3. SAME—*amendment of 1907 to section 18 of Torrens law is not unconstitutional.* The amendment of 1907 to section 18 of the Torrens law, authorizing the examiner to receive abstracts of title in evidence under certain circumstances, is not unconstitutional as authorizing evidence without the sanction of an oath, nor as violating the provision of the constitution requiring uniformity of laws relating to courts. (*Waugh* v. *Glos,* 246 Ill. 604, followed.)

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

EDWARD R. LITZINGER, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county registering title to real estate. The premises described in the application are lots 38 and 39, in block 15, in Adam Smith's subdivision of the east half of the north-west quarter of the south-west quarter and the south-west quarter of the south-west quarter of section 36, township

39, north, range 13, east of the third principal meridian. It is alleged that the premises are occupied by the applicant, appellee here.

Appellants contend that the property described in the application was not identified as the property upon which the appellee resided. Appellee testified that he lives on the property at No. 3134 West Thirty-ninth street, in the city of Chicago; that his property consists of two lots; that the house in which he resides is located upon one lot, No. 39, and that the two lots are fenced in as one enclosure. On his cross-examination he produced a plat which he testified he had made himself from measurements made the day before. He testified that this plat contained a "picture" of the cottage in which he lived. On the plat were shown two lots on Thirty-ninth street bearing the numbers 38 and 39. The "picture" of the cottage referred to by the witness is drawn on two other lots not located on Thirty-ninth street but which also bear the numbers 38 and 39. So far as the plat itself indicates, the lots 38 and 39 on Thirty-ninth street are vacant. Nowhere in his examination does appellee testify that he resides upon the property described in the application. It was further sought to identify the premises at 3134 West Thirty-ninth street as the real estate described in the application, by Joseph K. Kostka, an employee in the map department of the city of Chicago. He testified that when given a house number he could from that give the legal description of the property, and then stated that the legal description of the property at 3134 West Thirty-ninth street would be that of one lot only, and would be either lot 38 or lot 39. This, in substance, is all that this witness testified to. He did not state in what addition or subdivision lot 38 or lot 39 at 3134 West Thirty-ninth street was located, and his testimony did not serve in the least to identify the property at 3134 West Thirty-ninth street, and upon which appellee testified he resides, as the property described in the application. The

allegation that the premises described in the application were occupied by appellee is a material allegation and must be proved as alleged. Appellee failed to make this proof, and the court erred in entering a decree registering the title as applied for.

Appellants also contend that the court erred in directing the immediate registration of the title in the appellee without requiring the holders of the tax deeds to be reimbursed as a condition precedent. The decree provides that the tax deeds be set aside as clouds upon the title of appellee upon condition that appellee pay to the holders of the tax deeds the amounts found to be due for principal and interest, together with costs, at the date of the entry of the decree or within thirty days thereafter, and that in default thereof this application shall stand dismissed at the cost of appellee; that the title of appellee in fee simple to the premises be confirmed, subject as aforesaid, and that the registrar of titles do forthwith register such title. This was error. The decree should have provided, not only as a condition precedent to setting aside the tax deeds but also as a condition precedent to registering the title, that appellee be required to pay the money due to appellants, or, in the event of their refusal to accept it, to an officer of the court, subject to their order. (*Cregar* v. *Spitzer,* 244 Ill. 208.) This decree directs the registration of the title forthwith without any condition, and affords no protection whatever to appellants as to the payment of their money during the thirty days granted appellee to pay the same. Should appellee transfer the property before the expiration of the thirty days, and without making payment to the appellants, they would be compelled to resort to their legal remedy for redress.

Appellants also insist that the amendment to section 18 of the Torrens law, being the amendment of 1907, which authorizes the examiner to receive abstracts of title in evidence, was not within the power of the legislature, because

such abstracts constitute evidence given without the sanction of an oath; that said amendment of 1907 violates section 29 of article 6 of the constitution, which provides that all laws relating to courts shall be general and of uniform operation, and that said amendment to section 18 never became operative because it was not submitted to.a vote of the people. These questions were all decided adversely to the contentions of the appellants in *Waugh* v. *Glos,* 246 Ill. 604.

The decree of the circuit court is reversed and the cause remanded for further proceedings in conformity with the views herein expressed.           *Reversed and remanded.*