HAROLD E. HAMMOND, Appellee, *vs.* JACOB GLOS *et al.*
Appellants.

*Opinion filed April 19, 1911.*

1. REGISTRATION OF TITLE—*copy of certified copy of abstract of
title is not admissible.* Section 18 of the Torrens law, authorizing
the admission in evidence of abstracts of title, or certified copies
thereof, made in the ordinary course of business by makers of ab-
stracts, does not authorize the admission in evidence of an uncer-
tified copy of a certified copy of an abstract.

2. SAME—*when continuations of abstract are properly admitted
in evidence.* A continuation of an abstract is properly admitted
in evidence in a title registration proceeding, where a witness tes-
tifies that it was made in the ordinary course of business, under
his supervision, by the abstract-making company by whom he was
employed, and that it was signed by him, as secretary of the com-
pany; so, also, is a continuation shown by a witness to have been
made, under his supervision, in the recorder's office in the usual
course of business and signed by the recorder.

3. SAME—*decree should not order registration of title in ad-
vance of reimbursement under tax deed.* A decree in a proceeding
to register title should not provide for the registration of title in
advance of reimbursement to the holder of the tax deed set aside
by the decree, even though the decree provides for the dismissal
of the application if the reimbursement is not made within thirty
days from the entry of the decree.

APPEAL from the Circuit Court of Cook county; the
Hon. JOHN GIBBONS, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

VICTOR M. HARDING, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application filed by the appellee in the cir-
cuit court of Cook county to register his title under the act
concerning land titles, commonly known as the Torrens
law, to the south half of the south-west quarter of the
south-west quarter of section 30, township 37, north, range

15, east of the third principal meridian, (excepting rail-road right of way,) being 18.214 acres, more or less, in Cook county, Illinois. It was averred that the appellants held a tax deed to said premises. The appellants filed answers, in which they denied title in the appellee and urged that the act under which the title was sought to be registered was unconstitutional. The case was referred to an examiner of titles, who filed a report finding that the title in fee to said premises was in the appellee; that the premises were vacant and unoccupied; that the tax deed held thereon by the appellants or through which they claimed title was void, and recommended that such tax deed be canceled upon the payment to the appellants of the sum of $416 and that the appellee have his title registered. Thereupon the court entered a decree that the tax deed held by the appellants or through which they claimed title be set aside; that within thirty days the appellee pay to the appellants the sum of $416, and that in default of such payment the application should stand dismissed at the cost of the appellee, and that the title of the appellee be registered forthwith, and this appeal has been prosecuted to reverse said decree.

The appellants concede that this court has held the Torrens law, as amended, constitutional, and make no contention on that branch of the case. *Waugh* v. *Glos,* 246 Ill. 604; *Culver* v. *Waters,* 248 id. 163.

Two questions, only, are argued in the briefs filed in this court. It is first contended that no proper foundation was laid for the introduction in evidence of the abstract of title upon which the appellee relied to show title in himself. The section of the statute authorizing the introduction of abstracts of title in evidence in this class of cases reads, in part, as follows: "The examiner may receive in evidence any abstract of title or certified copy thereof, made in the ordinary course of business by makers of abstracts; but the same shall not be held as more than *prima facie* evi-

dence of title, and any part or parts thereof may be controverted by other competent proofs." (Hurd's Stat. 1909, sec. 18, p. 549.)

The abstract of title admitted in evidence by the examiner consisted of three parts: (1) An abstract showing chain of title from the United States in 1847 to November 28, 1881, designated "a true copy," and signed, "Handy & Company," "Haddock, Vallette & Rickcords;" (2) a continuation from November 28, 1881, to January 16, 1902, signed, "Chicago Title and Trust Company, by Chas. R. Dalrymple, Ass't Sec'y;" (3) a continuation from January 16, 1902, to May 26, 1909, signed, "Abel Davis, Recorder." Charles R. Dalrymple testified his company furnished the parts of the abstract signed by Handy & Company, Haddock, Vallette & Rickcords, and the Chicago Title and Trust Company, by Charles R. Dalrymple, assistant secretary; that the part signed by Handy & Company, Haddock, Vallette & Rickcords was made by Handy & Company, and thereafter copied, including the signature of Handy & Company, by Haddock, Vallette & Rickcords and then signed by Haddock, Vallette & Rickcords, and that the copy introduced in evidence was prepared by his company, although not certified, from the copy signed Handy & Company, Haddock, Vallette & Rickcords. This part of the abstract was, therefore, at most, only a copy of a copy, the last copy not being certified. The statute provides for the admission of a "certified copy," but clearly not for the admission of an uncertified copy of a copy, even though the first copy was properly certified. We think, therefore, the part of the abstract signed Handy & Company and Haddock, Vallette & Rickcords, which was admitted in evidence, was not an original abstract, nor was it so certified as to entitle it to admission in evidence as a certified copy.

Mr. Dalrymple further testified he had been actively engaged in making abstracts in the city of Chicago for

fifteen years, and that the Chicago Title and Trust Company was engaged in making abstracts of title, and his testimony shows that the first continuation of the abstract was made in the ordinary course of business by the Chicago Title and Trust Company under his supervision and direction, and was duly signed by the Chicago Title and Trust Company by himself, as assistant secretary. J. G. Norris testified he was an employee in the recorder's office of Cook county, and his testimony shows that the second continuation of the abstract was made in the recorder's office of Cook county under his supervision and direction, in the ordinary course of business, and was signed by the recorder. We think both continuations were properly admitted in evidence. *Waugh* v. *Glos, supra; Culver* v. *Waters, supra.*

The decree entered in this case provides that the tax deed held by the appellants or under which they claim title be set aside as a cloud upon the title of the appellee, upon condition that appellee pay to the holder of the tax deed the amount found to be due for principal and interest and costs within thirty days from the entry of the decree, and that in default thereof the application be dismissed at the cost of the appellee, and that the title of the appellee be registered forthwith. A decree similar to this in *Mihalik* v. *Glos,* 247 Ill. 597, was reversed on the ground that the rights of the defendants were not properly protected by the decree, in this: that during the thirty days provided for the payment of the amount decreed to be paid defendants, complainants might transfer the property to the injury of the defendants. To the same effect is *Cregar* v. *Spitzer,* 244 Ill. 208. We are unable to distinguish the decree entered in this case from the decrees in those cases.

The appellants have padded this record by filing three separate answers and three sets of exceptions to the examiner's report, and have prayed separate appeals, filed separate appeal bonds and separately assigned error, and then

in this court treated the proceeding as one appeal. We think by this method of procedure unnecessary costs were made in preparing the record for removing the case to this court, which costs should be paid by the appellants.

The decree of the circuit court will be reversed and the cause will be remanded to·that court for further proceedings in accordance with the views herein expressed, the appellants to pay one-half and the appellee one-half of the costs incurred by this appeal. *Reversed and remanded.*