CHARLES L. CASWELL, JR., Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed October 25, 1911.*

REGISTRATION OF TITLES—*what is sufficient preliminary proof as to abstracts of title.* Testimony by a witness to the effect that he was employed in the office of the abstracter of titles who made the abstract offered in evidence in a title registration proceeding, that he assisted in making the same and has personal knowledge that it was made in the regular course of business, is sufficient preliminary proof to entitle the abstract to admission in evidence under amended section 18 of the act concerning land titles. (*Waugh* v. *Glos,* 246 Ill. 604, *Culver* v. *Waters,* 248 id. 163, and *Jackson* v. *Glos,* 249 id. 388, distinguished.)

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

DANIEL M. HEALY, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This appeal is prosecuted from a decree of the circuit court of Cook county granting registration of the title to certain real estate described in the application. The appli-

cant's case rests on two original abstracts of title, one made by the Chicago Title and Trust Company, and the other by the recorder of Cook county. These abstracts were received in evidence over appellants' objections, and the ruling of the court in admitting the abstracts presents the only question discussed in the briefs. The principal objection to the abstracts is, that the preliminary proof was insufficient, under the provisions of the amendment to section 18 of the Torrens act, adopted in 1907, (Hurd's Stat. 1909, p. 533,) to warrant the court in receiving said abstracts as *prima facie* evidence of title in the applicant.

To lay the foundation for the introduction of the abstract made by the Chicago Title and Trust Company, John L. Day was introduced as a witness for appellee, and testified that he was an abstracter of titles and had been engaged in the business of abstract making for forty years last past, in Chicago; that he was at present employed by the Chicago Title and Trust Company as assistant secretary; that the Chicago Title and Trust Company was engaged in the business of making abstracts and was a regular abstract maker; that his duties were in the abstract department of that company; that the abstract offered in evidence purporting to be an abstract of title made by the Chicago Title and Trust Company was a regular abstract of title from the government of the United States to and including November 13, 1908, to the real estate described in the application in this proceeding; that the abstract was made by the Chicago Title and Trust Company from the indexes of the records of Cook county preserved through the great fire and which formerly belonged to regular abstracters, and which were now held by the Chicago Title and Trust Company as the successor of the previous owners; that the abstract was made on or about November 13, 1908; that it was made in the ordinary course of business from the indexes and records which had been compiled from the original instruments as filed for record. Mr. Day

testified that the abstract was made by employees of the Chicago Title and Trust Company who were competent to do that work, and after it was completed it was submitted to witness, and he revised the abstract and satisfied himself that it was in every particular correct and thereupon attached the signature of the Chicago Title and Trust Company thereto, as assistant secretary. Witness testified that a letter-press copy of the abstract was made and retained in the office of the abstracters, and that he had compared the abstract offered in evidence with the letter-press copy and found that it corresponded in every respect therewith. From such comparison the witness was able to state that the abstract offered in evidence was in the same condition as when it left the hands of the Chicago Title and Trust Company.

The other abstract offered by appellee, and to which appellants interposed objections, related to the same property and covered the time from November 13, 1908, to October 4, 1910. As a foundation for the introduction of this abstract P. O. Perkins was introduced as a witness and testified that he was employed by Abel Davis, recorder of deeds for Cook county; that witness had been in the abstract business fifteen years in Chicago, employed by various abstract concerns; that he had been for more than eight years in the employ of Davis, the recorder of Cook county, the last five years of which he had been the reviser of abstracts in the recorder's office; that the duties of his position were to see that abstracts were correctly made and at times to do a part of the work of making, abstracts, in person; that it is his duty to see that abstracts that go out of the office are correctly made from the records in existence in the various offices. He testified that the abstract offered in evidence purporting to be an abstract of title to the property in question from November 13, 1908, to October 4, 1910, was an abstract of title to the premises mentioned, made by Abel Davis, recorder, in the regular course

of business, from the records in Cook county; that the items on said abstract were taken from the original records, and that he was satisfied from the course of business and information that he had, that the original records were examined at the time the abstract was made.

Appellants contend that the evidence of these witnesses was insufficient to lay the foundation for the introduction of the abstracts, and reliance is placed on the cases of *Waugh* v. *Glos*, 246 Ill. 604, *Culver* v. *Waters*, 248 id. 163, and *Jackson* v. *Glos*, 249 id. 388. In the *Waugh case* there was no evidence as to when, where or under what circumstances the abstract was made, and it clearly appeared that the witness had no knowledge whatever as to the making of the abstract except what he inferred from an examination of the abstract itself, which he had never seen until it was offered in evidence. In the *Waters case* the witness merely testified that the abstract had been ordered in the regular course of business, and in the *Jackson case* the witness knew nothing whatever of the abstract except what he learned from an inspection of the abstract itself. He testified that it appeared to have been made in the regular course of business, but manifestly he knew no more about that than, any other person. These cases are all entirely different from the case at bar. Here the witnesses had personal knowledge about the making of the abstracts. They were employed in the offices of the abstracters when the abstracts were made, and knew of their own knowledge that the abstracts were made in the regular course of business. This presents an entirely different situation from evidence based upon an inspection of an abstract by the witnesses in court. In our opinion the evidence was sufficient to admit the abstracts in evidence. *Hammond* v. *Glos*, 250 Ill. 32.

The decree of the circuit court of Cook county will be affirmed.

*Decree affirmed.*