EDWIN B. HARTS, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed December 22, 1915—Rehearing denied Feb. 3, 1916.*

1. REGISTRATION OF TITLE—*what is sufficient to show that premises were unoccupied.* Testimony by a witness who saw the property several months before the application to register title was filed and also several months after, that the first time he saw the property it was unoccupied and unfenced and there were no signs of anything having been on it, and that the last time he saw the property it was in the same condition except that it was covered with snow, is sufficient to show that the premises were unoccupied when the application was filed.

2. SAME—*what proof must accompany offer of abstract of title.* Where an abstract of title is offered in evidence under the Torrens law it must be accompanied by proof that it was issued in the ordinary course of business by a maker of abstracts, which may be shown by proving the signature in the manner pointed out by the act and by further proving the maker thereof was known to be or generally reputed to have been in the business of making abstracts of title for hire at the date shown on the abstract or at the actual date of the issuance thereof; and in case the abstract is one issued by a recorder of deeds, similar proof must be made that it was issued in the ordinary course of business by a maker of abstracts.

3. SAME—*when a county recorder is a maker of abstracts.* A county recorder is not necessarily a maker of abstracts, but if he

engages in that business as a private enterprise for hire or is required by the county board to keep abstract books and furnish abstracts, and he complies with such requirement, he is a maker of abstracts.

4. SAME—*when rule does not apply that court will take judicial notice of a county office, its incumbent and seal.* The rule that the court will take judicial notice of the office of county recorder and of its incumbent and seal does not apply to an abstract of title made by the recorder, and to entitle such abstract to admission in evidence under the Torrens law it must not only be shown that the recorder is a maker of abstracts but his signature must be proved, as provided in the act, and it must be shown that he was in the business of making abstracts for hire at the date shown upon the abstract or at the actual date of issuance thereof.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

EDWIN B. HARTS, *pro se.*

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellee filed his application in the office of the clerk of the circuit court of Cook county to register his title in fee simple to certain lots described in the application. Appellants were made defendants to the application, it being alleged that they claimed an interest by reason of certain tax deeds and sales for taxes, and they filed answers, in which, among other things, they denied the allegations of the application. The cause was referred to one of the examiners of title, who made a report finding that the applicant was the owner of the premises. Objections were filed to the examiner's report, which were subsequently ordered to stand as exceptions before the court. All the objections and exceptions were overruled and a decree was entered ordering that the title be registered as prayed in the application.

The principal errors relied upon for reversal of the decree are, first, that certain abstracts of title offered in evidence were not made competent by the necessary preliminary proof; and second, that there was not sufficient evidence to show the condition of the property, as to whether it was vacant or occupied, at the time of filing the application.

As to the second contention, it was alleged in the application that the premises in question were not occupied by anyone, and the applicant testified that they were unoccupied on the date of the application. The application was filed July 24, 1914. On cross-examination the applicant stated that he had seen the property twice,—once in the spring of 1914, and the last time two or three weeks before he gave his testimony, which was January 28, 1915; that when he saw the property in the spring of 1914 it was vacant and unfenced and there were no signs of anything having been on it, and that the last time he saw the property it was in the same condition, except that it was covered with snow. We think this proof sufficient to show the condition of the premises, as to being vacant or occupied, at the time the application was filed.

The applicant offered in evidence applicant's Exhibit 1, being printed and bound copies of original abstracts of title to the premises included in the application herein, as follows: (a) Abstract of title from United States government to include August 12, 1892, made by the Title Guarantee and Trust Company, by Handy & Co., managers of the abstract department; (b) continuation of the foregoing abstract of title from the date thereof, to-wit, August 12, 1892, to include March 25, 1893, made by the Haddock, Vallette & Rickcords Company, by A. M. Marriott, superintendent; (c) continuation of the foregoing abstract of title from the date thereof, to-wit, March 25, 1893, to include July 23, 1894, made by Samuel B. Chase, recorder. All of the foregoing copies are certified to as being true copies of

the original examination of title by Samuel B. Chase, recorder, and attested by the seal of his office. The abstracts were objected to for the reason that they were not properly proven. The evidence upon which the abstracts were admitted was the testimony of Joseph A. Kerz. He testified that he was in the employ of the recorder, and that the signature of Samuel B. Chase, recorder, was in the handwriting of witness' father, who was also an employee of the recorder's office. There was also offered in evidence a writing purporting to be by Samuel B. Chase, recorder of deeds and official abstract maker, dated January 1, 1893, appointing Frank Kerz a deputy recorder in his office, and there was an attempt to prove by a witness named Tanberg the signature of Samuel B. Chase to the document appointing Kerz as deputy recorder. This was substantially all of the evidence to identify the abstracts in question.

In applications for registration of title under the Torrens act (Hurd's Stat. 1913, p. 540,) it is provided by section 18 of the act, among other things, that "the examiner may receive in evidence any abstract of title or certified copy thereof issued in the ordinary course of business by makers of abstracts. * * * It shall be sufficient proof that any original abstract of title was made or issued in the ordinary course of business by makers of abstracts, to show that the signature attached to the abstract is the genuine signature of the person, firm or corporation purporting to make or issue the same, appended either in person or by the hand of any person or official accustomed to attach such signature in the ordinary course of business, and that such maker was known or generally reputed to have been in the business of making abstracts of title for hire, at the date shown upon the abstract, or the actual date of the issuance thereof. Certified copies may also be proven in the manner aforesaid."

There is no proof that the signature of the person purporting to make or issue the abstracts here in question was

the genuine signature of such person, nor is there anything
to show that such maker was known or generally reputed
to have been in the business of making abstracts of title for
hire at the date shown upon the abstract or at the actual
date of the issuance thereof, nor is there sufficient evidence
that the signature was appended in person or by the hand
of any person or official accustomed to attach such signa-
ture in the ordinary course of business. Where an abstract
of title is offered in evidence under the Torrens act it must
be accompanied by proof that it was issued in the ordinary
course of business by a maker of abstracts, which may be
shown by proving the signature in the manner pointed out
in the statute, and by further proving that the maker there-
of was known or generally reputed to have been in the
business of making abstracts of title for hire at the date
shown upon the abstract or at the actual date of the issu-
ance thereof. In case the abstract is one issued by the re-
corder of deeds, similar proof must be made that it was
issued in the ordinary course of business by a maker of
abstracts. A county recorder is not necessarily a maker of
abstracts. He may be a maker of abstracts and engaged in
that business for hire as a private enterprise, or he may
be required by the county board of his county to keep ab-
stract books and furnish abstracts, and if he complies with
such requirement and engages in that business he is then
a maker of abstracts. In either event the necessary proof
may be made by showing that the signature to an abstract
is the genuine signature of such recorder, appended either
in person or by the hand of some person or official accus-
tomed to attach such signature in the ordinary course of
business, and that he was in the business of making abstracts
for hire or known or generally reputed to have been in the
business of making abstracts for hire at the date shown
upon the abstract or at the actual date of issuance there-
of. If proof is made that the recorder has been required
by the county board to keep abstract books and make ab-

stracts, as provided by section 1 of the act of 1903, authorizing recorders to keep abstract books, (Hurd's Stat. 1913, p. 2001,) and proof is further made that the recorder has, pursuant to such requirement, kept such abstract books and engaged in the business of making abstracts for hire, such proof would only show that he was a maker of abstracts, and it would still be necessary to prove his signature and that he was in the business of making abstracts for hire at the date shown upon the abstract or at the actual date of issuance thereof.

The appellee argues that the certificate to the abstract in question bears the name and seal of the recorder of Cook county, of which fact the court will take judicial cognizance, and that no further proof is necessary to admit the abstract in evidence; that the recorder of deeds of a county is a constitutional officer, and that the courts will take judicial cognizance of such office and of its incumbent and its seal. While this is true when the recorder certifies to copies of documents or records in his office, it has no application in this case. An abstract of title is not admissible in evidence to prove title in actions at law or in chancery where title to land is involved, except in applications to register title under the Torrens law. It would not be admissible in evidence to prove title in an ejectment suit or a suit in chancery to quiet title, in which original conveyances would be received in evidence, or, if the proper foundation is laid, the record of such conveyances or copies of the records of such conveyances duly certified by the recorder. Abstracts of title are admissible in evidence under the Torrens act by reason of the provisions of that act only, and then only when proved in the manner required by that act. The evidence was not sufficient to admit the abstract in evidence. *Waugh v. Glos,* 246 Ill. 604.

For the reasons given, the decree of the circuit court of Cook county will be reversed and the cause remanded to that court.                    *Reversed and remanded.*