JACOB GLOS

*v.*

KINGMAN & CO.

*Opinion filed December 16, 1903—Rehearing denied February 5, 1904.*

1. CLOUD ON TITLE—*prima facie proof of title does not warrant decree removing cloud.* Prima facie proof of title in the complainant in a bill to remove a cloud does not warrant a decree canceling a tax deed as a cloud, unless it is alleged and proved that such deed is invalid and constitutes a cloud upon complainant's title.

2. REGISTRATION OF TITLE—*an applicant must show a title good as against the world.* Evidence establishing title good as against the world is essential to warrant a decree awarding initial registration of title.

3. SAME—*effect of failure to prove title.* If an applicant for initial registration of the title in fee fails to establish such title in himself, he is not entitled either to registration of his own title or to a decree finding that the titles of the defendants are clouds upon such *prima facie* title as he may have shown, and the application should be dismissed.

4. SAME—*defendant may insist, on appeal, that evidence of complainant's title was insufficient.* On appeal from a decree finding title in fee to be in the applicant for initial registration and finding defendant's tax deed to be a cloud, the defendant may insist that the evidence of such title was insufficient to warrant the decree.

5. SAME—*when title in fee is not established.* Title in fee in an applicant for initial registration is not shown by proof of deeds and tax receipts unconnected with any chain of title from the government, and which fall short of establishing a title under the Statute of Limitations.

APPEAL from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

JACOB GLOS, and JOHN R. O'CONNOR, for appellant:

An applicant for initial registration must establish, by proof, a fee simple title. *Railway Co. v. Keegan,* 185 Ill. 70; *People v. Simon,* 176 id. 176; Torrens Law, secs. 40, 41; *Lomax v. Pickering,* 165 Ill. 431; *Doty v. Burdick,* 83 id. 473; *Loewenthal v. Elkins,* 175 id. 553.

The burden of proving the invalidity of a tax deed as a cloud on title rests upon complainant. *Hyde v. Heath,*

75 Ill. 381; *Gage* v. *Reid,* 104 id. 509; *Gage* v. *Curtis,* 122 id.
520; *Gage* v. *Stokes,* 125 id. 40; *Gage* v. *Caraher,* 125 id. 448;
*Gage* v. *McLaughlin,* 101 id. 155; *Bank* v. *Baker,* 161 id. 281.

A proceeding to register title under the act concerning
land titles, approved and in force May 1, 1897, is a pro-
ceeding in chancery.   *Gage* v. *Electric Light Co.* 194 Ill. 34.

VICTOR M. HARDING, for appellee:

Possession of land claiming an ownership in fee is
*prima facie* evidence of ownership and seizin of the inher-
itance.   26 Am. & Eng. Ency. of Law, 22; *Barger* v. *Hobbs,*
67 Ill. 592; *Harland* v. *Eastman,* 119 id. 22.

Possession of land under claim of ownership estab-
lishes a *prima facie* title in the party.   *Glos* v. *Gerrity,* 190
Ill. 545; *Gage* v. *Schmidt,* 104 id. 106; *Glos* v. *Randolph,* 138 id.
268; *Gosselin* v. *Smith,* 154 id. 74; 17 Ency. of Pl. & Pr. 301.

Where, in suits involving title to land, the only ad-
verse claim is under a tax deed, and no proof of right
thereunder is made, *prima facie* proof of title is sufficient.
*Glos* v. *Gerrity,* 190 Ill. 545; *Hintraeger* v. *Kiene,* 62 Iowa,
605; *Glos* v. *Randolph,* 138 Ill. 268.

A deed to complainant, and proof of possession there-
under, in the absence of countervailing proof, is sufficient
proof of complainant's title in suits involving title to
land.     *Glos* v. *Gerrity,* 190 Ill. 545; *Bradshaw* v. *Ashley,* 180
U. S. 59; *Harland* v. *Eastman,* 119 Ill. 22; *Ward* v. *McIntosh,*
12 Ohio St. 231; *Jayne* v. *Price,* 5 Taunt. 326; *Horn* v. *Jones,*
28 Cal. 194; *Nimo* v. *Jackman,* 21 Ill. App. 607; *Robinson* v.
*Ferguson,* 78 Ill. 538; *Gage* v. *Gentzel,* 144 id. 450.

The removal of the tax title cloud was the one branch
of the case which particularly affected appellant, and he
had no concern with the other branch thereof, and could
not assign error thereon.   *South Chicago Brewing Co.* v.
*Taylor,* 205 Ill. 132; *Hughes* v. *Carne,* 135 id. 519; *Harms* v.
*Jacobs,* 160 id. 589; *Coombs* v. *Hertig,* 162 id. 171.

The Land Registration act (sec. 22) provides that the
only pleading by adverse parties shall be an answer duly

verified, and that the answer shall have no greater weight as evidence than the application. Hurd's Stat. 1901, chap. 30, secs. 18, 22.

The provisions of the Land Registration act make a replication unnecessary. *Chambers* v. *Rowe,* 36 Ill. 171; *Jones* v. *Neely,* 72 id. 449.

Possession is shown by fencing property that is vacant and unoccupied. *Gage* v. *Hampton,* 127 Ill. 87.

Appellee, in this proceeding, did not need to specify the defects in appellant's title or make proof as to the same, as the burden of establishing his title was upon appellant. *Gage* v. *Caraher,* 125 Ill. 447; *Gage* v. *Electric Light Co.* 194 id. 30; *Smith* v. *Hutchinson,* 108 id. 662.

Mr. Justice Boggs delivered the opinion of the court:

The appellee company, on the first day of April, 1903, filed in the circuit court of Cook county its application, under the provisions of an act entitled "An act concerning land titles," approved and in force May 1, 1899, (4 Starr & Cur. Stat. p. 259,) commonly known as the Land Registration act, for a decree declaring the title in fee simple in and to lots Nos. 191 and 192, in block 2, in Young & Clarkson's second addition to Kensington, Illinois, to be vested in it. The appellant and others were personally named as defendants, and he filed a sworn answer to the application. The cause was referred to the examiner of titles. Proof was taken and the report of the examiner of titles filed, and a decree was entered finding and declaring the appellee company to be the owner in fee simple of the title to the said lots, subject only to the payment to the appellant, Jacob Glos, and Emma J. Glos and D. Arnold, as their respective interests may appear, of the sum of $6.73, "and that upon the payment, as aforesaid, of said sum to said defendants, Jacob Glos, Emma J. Glos and D. Arnold, or to the clerk of this court for their respective use, to be made within thirty days from this date, together with interest, as aforesaid,

the tax deed to Jacob Glos dated November 11, 1902, recorded November 13, 1902, as document No. 3,320,258, and the quit-claim deed from Jacob Glos to the defendants Emma J. Glos and D. Arnold dated March 11, 1903, recorded March 16, 1903, as document No. 3,363,014, be held and taken to be null and void and of no effect, in so far as either of said deeds conveys or affects said lots 191 and 192, in block 2, in Young & Clarkson's second addition to Kensington, and that upon the failure to pay said above specified sum, and interest, within said time, this application and this proceeding stand vacated and dismissed at applicant's costs." This is an appeal to bring the decree into review in this court.

The appellant, among other grounds urged for reversal, insists, first, that the proofs of title produced in behalf of the appellee company were wholly insufficient to establish title in fee simple in it for registration, as declared by the decree; second, that no proof was produced to show that the tax deed to himself was in any wise defective or invalid. The appellee, in response to the first of these complaints, insists that the appellant's position in the proceeding is the same as that of a defendant in a proceeding in equity to remove a tax deed as a cloud on the title of the complainant in the bill, and that in cases of that character no proof of complainant's title is required other than the *prima facie* proof of title arising from the production of a deed purporting to convey title to the complainant, and proof of possession of the premises under such claim of title; and as to the second of the complaints of appellant, the appellee insists that in proceedings under the act for the registration of land titles the applicant is not required to attack and overturn the title held by a party named as defendant in the application for a decree of registration, but such defendant must produce proof to establish the validity of his title, if any he claims or appears to have in the premises.

The complainant in a bill in equity to remove a tax deed as a cloud on his title to land, to entitle him to that relief, must allege in his bill the invalidity which he claims exists in the title or claim of the defendant, (*Gage* v. *McLaughlin*, 101 Ill. 155; *Gage* v. *Reid*, 104 id. 509;) and on the hearing must establish that allegation and show the invalidity of the title of his adversary. (6 Am. & Eng. Ency. of Law,—2d ed.—p. 157.) If the nature of the claim of title which is alleged to constitute a cloud is unknown, the complainant may allege such want of knowledge and make the holder of the claim a defendant, and he may be required to discover the nature and extent of his claim, and on the discovery the bill may be so amended as to allege the invalidity of such claim of title and entitle the complainant to the desired relief if he can prove the allegations of the bill as amended. (*Gage* v. *Reid*, *supra*.) In the case last cited we said (p. 513): "It would be anomalous to find titles invalid, or enjoin their assertion, without any pleadings or allegations upon which to base the relief. It would be an innovation on long, well established and familiar practice. It has been held in cases almost without number, that a complainant can only have such relief as he entitles himself to by the allegations of his bill, supported by proof."

In cases to remove clouds from titles we have held that the complainant's title may be sufficiently proved by establishing a *prima facie* case of ownership in fee; this for the reason it is essential to the right of the complainant to a decree in such cases, that he shall establish that his adversary's title is invalid and but a cloud on the title of the complainant. *Prima facie* proof of title in fee in the complainant in a bill to remove a cloud would not, of itself, entitle the complainant to a decree declaring the tax deed or other apparent title held by the defendant to be invalid, but, in addition to such *prima facie* case, the complainant, to entitle himself to a decree canceling the deed of the defendant, must allege

and prove the defendant's claim of title is but a mere cloud. The proceeding at bar is not a bill in equity to remove a cloud, but is an application, under the statute, for the initial registration of the title to the lots. The principal object to be subserved by this statute is, to provide a system of registration whereby it shall be possible for an intending purchaser of land to ascertain, by an inspection of the register, who may convey to him the title. A proceeding under this statute, if it shall result in a decree of registration of the title of the applicant as the title in fee, should subject the titles of all parties to the proceeding, and every other title or claim to the land, to judicial investigation, in order that the true state of the title in fee should be ascertained and declared. The applicant for registration in the case at bar must therefore establish that the true title in fee is in him before he can have relief or require those whom he has brought before the court as defendants to bring their titles before the court for adjudication. If the applicant does not prove such a title as is entitled to be registered as a title in fee he cannot have relief, either in the way of the registration of his own title or a declaration finding that the adverse claimants have no title, or that the claims are but clouds on such *prima facie* title as the applicant may be able to show. If the applicant in a proceeding, under the statute, for the registration of his title, produces evidence establishing title in him, then those who had been brought in, under the application, as holders of claims to the title may be required to produce proof to establish the validity of their claims to the title or to a lien on the title, as the case may be. Defendants to the proceeding may therefore be heard in the trial court to urge that the applicant has not shown a title of the nature proper to be registered, for if that be true the application should be dismissed, and that without any regard whatever to the question whether the title or claims of the defendant to the title are but mere clouds.

While one who has shown a title entitled to be registered may not only have a decree to that effect, and may also have the claims of others who are defendants to his application decreed to be but clouds on his title, yet such applicant, if he fails to establish title in himself of the nature and character to be registered, cannot have a decree removing the defendants' claims as mere clouds on a mere *prima facie* case of ownership in himself, but his application should be dismissed. The appellant may therefore be heard to insist that the proofs as to title in fee of the appellee company were insufficient to support the decree.

The documentary evidence offered by the appellee company to support the findings of the decree that it possessed title in fee to the premises in question was the following: Sheriff's deed from the sheriff of Cook county to Kingman & Co., dated November 21, 1893, and recorded November 28, 1893; warranty deed dated May 6, 1890, from James C. Young and wife and Michael Clarkson and wife to Laurence Morrissey, recorded March 25, 1891; quit-claim deed dated May 23, 1902, from Laurence Morrissey and wife to Kingman & Co., recorded May 23, 1902; receipts showing payment of general taxes for the year 1895, special assessment paid in 1896, the general taxes for 1897, redemption and general taxes paid in 1898, the general taxes for 1898 paid in 1899, special assessment paid by Victor M. Harding in 1902. These deeds were in nowise shown to be connected with the title which emanated from the general government, and within themselves did not prove title in the appellee company. Such deeds constituted color of title, merely. The payment of taxes did not cover seven consecutive years, and did not operate to aid the deeds, as color of title, to ripen into title under any of our limitation laws. It cannot be conceived that any one would deliberately contend that the production of these deeds and of the tax receipts entitled the appellee company to a decree finding it to

be the owner in fee of the lots and decreeing that its title as such owner in fee should be registered. Counsel for appellee does not so contend, but his insistence, as before stated, is, that the deeds and tax receipts, together with the proof of possession hereafter referred to, were sufficient to establish a *prima facie* case of ownership in fee, and that, the appellant having produced no proof in support of his tax title, a *prima facie* case of ownership was sufficient to uphold a decree canceling his deed as a cloud, and he could not be heard to assign as for error that proof necessary to base a finding and decree that the appellee held title in fee had not been produced. The appellee is in error in that contention. The only proof as to possession was, in substance, as follows: The application of the appellee company for the registration of the lots was prepared, signed and sworn to by its secretary on the 18th day of March, 1903. The application alleged the lots were unoccupied. The application was filed on the first day of April, 1903. In the time intervening between the signing and verification of the application, and before filing it, the attorney who prepared and subsequently filed it went to the lots, caused a fence to be built around them and put up a sign giving notice that the lots belonged to the appellee company and were for sale by it. The application as previously prepared was then placed on file.

We need not consider whether, in a bill in equity by the appellee company to remove appellant's tax deed as a cloud because of invalidity set forth in the bill and proven on the hearing, these deeds, tax payments and acts of the attorney of appellee in connection with the possession of the lots relied upon to constitute possession would be sufficient proof of ownership to give the complainant standing to ask a decree as owner, for the reason that, as before explained, the applicant for initial registration, under the statute, of a title as a title in fee must produce proof that he is possessed of such title,

207—3

either by the production of a regular chain of convey-ances from the general government, or by proof of the creation of a title by adverse, actual, open, continuous and hostile possession under claim of title for the period of twenty years, or by payment of taxes and possession of the premises under color of title, or payment of taxes alone, the premises being vacant, for the period neces-sary, under our Statute of Limitations, to the perfection of a title of that character.

The claim of ownership of the appellee company was not entitled to be registered, and the application should have been dismissed. Evidence establishing title good as against the world is essential to warrant a decree awarding initial registration of a title.

The decree is reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*