JENNIE L. BROOKE, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed December 22, 1909—Rehearing denied Feb. 4, 1910.*

1. CONSTITUTIONAL LAW—*section 18 of the act concerning land titles is not unconstitutional.* Section 18 of the act concerning land titles, (Hurd's Stat. 1908, p. 500,) providing that the examiner may receive in evidence any abstract of title, or certified copy thereof, made in the ordinary course of business by makers of abstracts, "but the same shall not be held as more than *prima facie* evidence of title, and any part or parts thereof may be controverted by other competent proofs," is not unconstitutional.

2. REGISTRATION OF TITLES—*an applicant must prove allegation that the premises are unoccupied.* In the absence of proof of her allegation that the premises are unoccupied an applicant is not en-

titled to registration of title, even though she introduces in evidence an abstract of title showing title in her by a chain of title from the government, with proof that the abstract was made in the ordinary course of business by makers of abstracts, and no proof is offered by defendants except to show payment of taxes.

APPEAL from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

This was an application filed by Jennie L. Brooke under the act concerning land titles, in the circuit court of Cook county, to register title to the west half of lot 19, in block 3, in Johnson's subdivision of the north-west quarter of the south-west quarter of section 19, township 39, north, range 14, east of the third principal meridian, Cook county, Illinois. It was alleged in the application that Jennie L. Brooke was the owner of said premises in fee; that the land was vacant and unoccupied; that there were no liens or encumbrances thereon, and that the only persons claiming any interest in said premises adverse to the applicant were Jacob Glos, who held a tax deed thereon, and Emma J. Glos, who was the grantee of a part of the interest in said premises acquired by Jacob Glos by said tax deed. Jacob Glos and Emma J. Glos filed answers and averred that they claimed title to said premises. The case was referred to an examiner of titles and the proofs of the applicant were taken. No proofs were offered by Jacob Glos and Emma J. Glos except as to payment of taxes, and a report was filed by the examiner finding the title in the applicant in fee; that the premises were vacant and unoccupied; that the tax deed of Jacob Glos was void and recommending that a decree be entered. Thereupon a decree was entered in accordance with the prayer of the application, from which decree Jacob Glos and Emma J. Glos have prosecuted an appeal.

JOHN R. O'CONNOR, for appellants.

LINCOLN BROOKE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The only proof offered by the applicant before the examiner was an abstract of title, consisting of three parts, showing title in the applicant by chain of title from the general government, with proof that the several parts of said abstract were "made in the ordinary course of business by makers of abstracts."

Two grounds of reversal are urged in this court: First, that section 18 of "An act concerning land titles," in so far as it permits title to be established by the applicant for registration by an abstract of title which has been made in the ordinary course of business by a regular abstracter, is unconstitutional; and secondly, that while the examiner reported, and the decree found, the premises were vacant and unoccupied, there was no evidence presented to the examiner and preserved in the record to establish those facts.

Section 18 of the act concerning land titles (Hurd's Stat. 1908, p. 500,) provides: "The examiner may receive in evidence any abstract of title or certified copy thereof, made in the ordinary course of business by makers of abstracts; but the same shall not be held as more than *prima facie* evidence of title, and any part or parts thereof may be controverted by other competent proofs." Judge Cooley, in his work on Constitutional Limitations, (2d ed. p. 368,) says: "As to what shall be evidence and which party shall assume the burden of proof in civil cases, its [the legislature's] authority is practically unrestricted so long as its regulations are impartial and uniform; but it has no power to establish rules which, under pretense of regulating the presentation of evidence, go so far as altogether to preclude a party from exhibiting his rights." This text is fully sustained by the authorities, and we see no constitutional objection to the provision of the statute in so far as it permits a party who seeks to register his title to establish in himself a *prima facie* title by an abstract of title which was made by a regular abstract maker,

and upon which abstract, perhaps, he relied at the time he purchased the property, reserving, however, to persons opposing the registration of his title, the right to establish by proof, if they can, that the abstract is not correct, or, as a matter of fact, the applicant is not the holder of the title to the premises which he seeks to register.

As to the second proposition, the statute (paragraph *e* of section 11) provides the application shall state "whether the land is occupied or unoccupied, and, if occupied by any other person than the applicant, the name and post-office address of each occupant, and what estate or interest he has or claims in the land;" and section 18 provides, among other things, that the examiner to whom the case shall be referred shall "proceed to examine into the title and into the truth of the matter set forth in the application, and particularly whether the land is occupied, the nature of the occupation, if occupied, and by what right, and make report in writing to the court, the substance of the proof and his conclusions therefrom." These provisions of the statute we think clearly mandatory. This court has repeatedly held that the applicant must show in himself a title against the whole world; (*Glos* v. *Kingman & Co.* 207 Ill. 26; *Glos* v. *Cessna,* id. 69; *Glos* v. *Holberg,* 220 id. 167;) and without proof as to who is in possession of the premises if occupied, or that they are vacant and unoccupied, it would be impossible for the court to determine whether the title in fee rested in the applicant or not.

For a failure on the part of the applicant to establish by proof, in accordance with the averments of her application, that the premises were vacant and unoccupied, the decree will be reversed and the cause remanded.

*Reversed and remanded.*