LEVI L. TOWER, Appellee, *vs.* JACOB GLOS, Appellant.

*Opinion filed October 26, 1912—Rehearing denied Dec. 5, 1912.*

1. CONSTITUTIONAL LAW—*section 18 of Torrens law does not violate section 22 of article 4 of constitution.* Section 18 of the Torrens law, relating to the admission in evidence of copies of abstracts of title, is not in violation of section 22 of article 4 of the constitution, which provides that in all cases where a general law can be made applicable no special law shall be enacted. (*Waugh* v. *Glos,* 246 Ill. 604, followed.)

2. SAME—*the Torrens law is not local because operative only in counties adopting it.* The Torrens law is not unconstitutional as a local law because it is in force only in Cook county, as the law is applicable to all counties if adopted by a vote of the people.

3. REGISTRATION OF TITLES—*when failure to re-publish notice after amendment of petition is not fatal.* Failure to re-publish the notice after amendment of the description of the lots as given in the application is not fatal, where all the parties who had or claimed to have any interest in the lots were personally served by summons or entered their appearance in writing.

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

OTTO G. RYDEN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was an application by Levi L. Tower, as trustee under the last will and testament of Sophronia M. Tower, deceased, to register title under the Torrens law to lots 21, 22, 23 and 24, in block 1, in Millard & Decker's addition to the city of Chicago. All persons claiming to have any interest in the premises were made parties defendant and served with process or consented in writing to the registration. Publication was also made as to all parties defendant and to "all whom it may concern," as required by the statute. The appellant, Jacob Glos, who claimed an interest in the lots by virtue of a purchase at a tax sale for delinquent taxes and deed issued thereon, was made a defendant, served with process, and filed an answer denying the right of the appellee to have his title registered. The petition and publication notice described the premises as "lots 21, 22, 23 and 24, (except that part of said lots conveyed to the Metropolitan West Side Elevated Railway Company,) in block 1, in Millard & Decker's addition to Chicago," etc. Subsequent to the filing of the answer of appellant, leave was given appellee to amend the application for registration of title by striking out the words "except that part of said lots conveyed to the Metropolitan West Side Elevated Railway Company." The answer of appellant was ordered to stand as his answer to the application as amended, and the case was referred to an examiner of titles and the proofs in support of the application were taken. The only proof offered by appellant was some tax receipts showing payment of taxes by him. He made no attempt to establish the validity of his tax deed. The examiner of titles found and reported that the applicant, as trustee under the last will and testament of Sophronia M. Tower, deceased, was the owner in fee simple of the real estate described in the application, that the premises were unimproved, vacant and unoccupied, and that no person other than stated in the application has any interest in said

real estate. With respect to the rights and interests of appellant the examiner found that he had purchased said lots at a sale for delinquent taxes and a tax deed was issued to him. The examiner recommended that a decree be entered setting aside the tax deed of appellant upon the payment to him of the taxes paid by him, and establishing and confirming title to said real estate, in fee simple, in said applicant. The decree found the amount due appellant on account of taxes paid by him and ordered its payment, but upon his refusal to accept it, it was ordered paid to the clerk of the court for the use of appellant, and was accordingly paid to said clerk. Objections to the report were overruled and a decree was entered in accordance with the recommendations of the examiner. This appeal followed.

Appellant contends that the act concerning land titles, under which the application to register title was made, is unconstitutional in several respects, but concedes that most of the objections raised to its constitutionality have been decided contrary to his view in *Brooke* v. *Glos,* 243 Ill. 392, and *Waugh* v. *Glos,* 246 id. 604. In the latter case it was urged that section 18 of the act violated section 29 of article 6 of the constitution, which provides that all laws relating to courts shall be general and of uniform operation. The court held that section 18 was not subject to that objection. It is now insisted that said section violates section 22 of article 4 of the constitution, which provides that in all cases where a general law can be made applicable no special law shall be enacted, and it is claimed the act is special because it provides that an abstract of title, or certified copy thereof, made in the ordinary course of business by makers of abstracts, may be received in evidence by the examiner and shall be held as *prima facie* evidence of title, but no provision is made for its application to any other kind of proceeding. We think the language used in *Waugh* v. *Glos, supra,* with reference to the general and uniform operation of section 18, is applicable to the point

here raised. It was there said: "All laws are not required to be applicable to every case, but every law must apply uniformly to all cases in which it is applicable. A reasonable classification of cases to which a statute shall apply is permissible. The Torrens system of registration of land titles is different from the prevalent method of recording. The manner of bringing lands under such system must be provided by statute. The proceeding is of a different nature from the ordinary action at law or suit in chancery, and we cannot say that the legislature acted unreasonably in providing for a rule of evidence applicable to the proceeding without extending it to all other forms of action in which the title to real estate is involved."

It is further contended that the act is local because it applies only to counties where the Torrens law has been adopted, and that only the county of Cook has adopted it. Whether a law is local or general in its application is determined by whether or not it applies alike to all persons or classes under like circumstances and conditions. This act applies only to those counties adopting it by vote of the people. All counties may adopt it, and when it is adopted it applies to all counties alike. Its application depends upon the vote of the people, but not its constitutionality. Numerous acts having similar provisions have been before this court and have been upheld. *People* v. *Hoffman,* 116 Ill. 587; *People* v. *Reynolds,* 5 Gilm. 1; *People* v. *Salomon,* 51 Ill. 37; *Erlinger* v. *Boneau,* 51 id. 94; *Home Ins. Co.* v. *Swigert,* 104 id. 653; *West Chicago Park Comrs.* v. *McMullen,* 134 id. 170.

Appellant further contends that the court had no jurisdiction to enter the decree because the amendment made to the application after publication had been made as to "all whom it may concern," changed the description of the land sought to be registered, and there was no new publication after the amendment was made. In the application as first filed the land was described as "lots 21, 22, 23 and 24,

(except that part of said lots conveyed to the Metropolitan West Side Elevated Railway Company,) in block 1, in Millard & Decker's addition to Chicago," etc. By the amendment the words "except that part of said lots conveyed to the Metropolitan West Side Elevated Railway Company" were stricken out, leaving the land described as lots 21, 22, 23 and 24, etc. All parties who had or claimed to have any interest in the four lots in question were personally served by summons or entered their appearance in writing. The examiner found, and the decree sustained the finding, that no one other than the parties. named in the application had any interest in the land. The amendment in no way prejudiced them, and there were no others who had any interest in the premises. True, it is essential that the applicant establish title in himself good as against the world, and any defendant may insist that the proofs of title are insufficient to permit registration, (*Glos* v. *Kingman & Co.* 207 Ill. 26,) but we do not think there was any defect in appellee's title by reason of the fact that there was no re-publication after the amendment was made. The amendment, after publishing notice as to "all whom it may concern," could not have affected the rights of the parties interested in or claiming title to the lots, all of whom were before the court by service of summons or entry of appearance, and, under the facts of this case, allowing the amendment could have no possible effect upon the validity of appellee's title or the rights of any of the parties having or claiming any interest therein. If error at all, it was therefore harmless error.

Since the submission of this cause Levi L. Tower, trustee, has died, and his death having been suggested on the record, William H. Bliss and Frederick D. Fuller, as trustees, are substituted in his stead as appellees, and the judgment in this case will be entered accordingly.

The decree is affirmed.

*Decree affirmed.*