JULIA H. McDONNELL, Appellee, vs. JACOB GLOS,
Appellant.

*·Opinion filed February 17, 1915.*

1. REGISTRATION OF TITLE—*when written assent to registration need not be acknowledged.* The written assent of the trustee in a deed of trust, and of the legal holder of the note secured, to the initial registration of the title to the premises, need not be acknowledged but the proof of its execution may be heard by the court. (*Mooney v. Valentynovicz,* 262 Ill. 355, followed.)

2. SAME—*when defendant cannot complain because defaulted defendants were not properly brought in.* In a proceeding for the initial registration of title, where no question is raised as to the sufficiency of the evidence to show that the applicant has a title good as against everybody, a defendant who was served with process and appeared cannot complain that the publication proceedings as to non-resident defendants, with whom he was in no way connected, were too defective to confer jurisdiction over them.

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

ALBEN F. BATES, for appellant.

WINTERS, PRICE &·STEVENS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

An appeal was taken in this case by Jacob Glos from a decree of the circuit court of Cook county declaring Julia H. McDonnell to be the owner in fee simple of certain land in Cook county and directing the registration of her title. Frank Nay, the trustee in a trust deed securing a promissory note for $3000, and Minnie E. Clemmer, the owner of the note, assented to the registration of the title. Jacob Glos and two other defendants were served with process and Glos alone answered. Other defendants were notified by publication and did not answer.

The appellant contends that the assent of Frank Nay and Minnie E. Clemmer was not sufficient to warrant· the

decree because not acknowledged in the manner provided in the Land Registration act for the acknowledgment of the assent of the husband or wife of the applicant to the registration. The decree found that Frank Nay and Minnie E. Clemmer had filed their assent in writing to the registration, and the appellant's contention is disposed of in *Mooney* v. *Valentynovicz*, 262 Ill. 355, where it is held that such assent need not be acknowledged but that proof of its execution may be heard by the court.

It is insisted that the proceedings whereby the defendants, who were non-residents or whose places of residence were unknown, were notified by publication were so defective that the court acquired no jurisdiction to adjudicate as to them. The appellant answered, and no question is raised as to the sufficiency of the evidence to show that the plaintiff's title was good against everybody. We have held that in such case a defendant who was served cannot complain of the decree because other defendants who were defaulted were not properly served with process or otherwise brought into court. *O'Laughlin* v. *Covell*, 222 Ill. 162.

The appellant insists that because the decree is not binding upon the defendants not served the applicant has failed to show a title which is good against all the world, as we have held he must do upon an application for the initial registration of title in fee simple. (*Glos* v. *Kingman & Co.* 207 Ill. 26; *Glos* v. *Cessna*, id. 69; *Waugh* v. *Glos*, 246 id. 604.) This conclusion does not follow. Unless the applicant has shown a title of the nature proper to be registered,—that is, good against all the world,—the application should be dismissed, without regard to the question whether the claim of title of a defendant is a good title or a mere cloud. If, on the other hand, the applicant has shown such a title as may be registered he may then have the incidental relief of the removal of clouds from such title, and if a decree of registration is entered which also removes the cloud of a defendant's claim of title, such de-

fendant cannot insist upon the want of service upon another defendant with whom he° is in no way connected, as error.

It is objected to the application that in the statement of liens and encumbrances, as provided for in the fifth paragraph of the form of application given in section 13 of the Land Registration act, the applicant omitted to state the book and page where the $3000 trust deed to Frank Nay was recorded. No objection to the application or to the evidence introduced was brought to the attention of the circuit court, and the omission cannot be availed of here.

The decree is affirmed.                    *Decree affirmed.*